UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

ADAM STURDEVANT,

Plaintiff,

v. Case No. 26-CV-01294

UNITED STATES OF AMERICA,

Defendant.

---

**BRIEF IN SUPPORT OF RULE 12 MOTION**

---

The Defendant, United States of America, by its attorney Qortney McLeod, Assistant United States Attorney for the Eastern District of Wisconsin, and said district, hereby submits the following brief in support of its motion to dismiss.

## ALLEGATIONS IN THE COMPLAINT

Plaintiff, Adam Sturdevant, alleges that federal employees failed to meet mandatory, ministerial, and nondiscretionary duties governing military discharge processing, personnel records management, and pay-status reconciliation and that "[t]hose failures resulted in contradictory governmental determinations concerning Plaintiff's military status… that ultimately culminated in Plaintiff's wrongful confinement in February 1992." ECF 1 at ¶ 2. Moreover, Plaintiff alleges that, "[f]ederal employees directly mishandled Plaintiff's discharge processing and service record in a manner that deviated materially from applicable mandatory regulations and procedures, and this direct mishandling was the proximate cause of Plaintiff's wrongful confinement and the injuries and damages Plaintiff suffered and continues to suffer." *Id*. at ¶ 22.

### A. Standard Form 95

In pursuit of his exhausting administrative remedies in this matter, Plaintiff submitted a Standard Form 95 to the Department of the Navy, Office of the Judge Advocate General, Tort Claims Unit.[1] (*See* Exhibit A, Plaintiff's Standard Form 95.) Plaintiff signed the form on April 10, 2025, and it was received by the Department that same month. (*Id.* at 1.) In the contents of the form, Plaintiff lists the date of the alleged incident as February 23, 1992, over 34 years from the time of submitting these claims. (*Id.*) In acknowledgement of this distant date of incident, Plaintiff's complaint explains that "[t]he injuries caused by the government's negligence are not solely historical in nature… Plaintiff suffered wrongful loss of liberty, emotional distress, reputational harm, and significant long-term impairment of his access to veteran's benefits and other rights to which he is entitled as a result of the government's administrative failures." ECF No. 1 at ¶ 79. Plaintiff does not state in the Standard Form 95 or Complaint exactly when or what document or circumstance allowed him to discover the alleged injury, only that he "has suffered decades of impaired access to veteran's benefits, programs, and services to which he would have been fully entitled…" *Id.*, at ¶ 94.

## <u>LEGAL STANDARD</u>

A motion to dismiss under Rule 12(b)(1) tests the jurisdictional sufficiency of the complaint, accepting as true all well-pleaded factual allegations and drawing reasonable inferences in favor of the plaintiffs. *Bultasa Buddhist Temple of Chicago v. Nielsen*, 878 F.3d

[1] See *Hootsell v. Dep't of Veteran Affairs*, No. 13-C-1221, 2014 U.S. Dist. LEXIS 196378 (E.D. Wis. Mar. 17, 2014) (explaining that a district court may consider a plaintiff's Standard Form 95 in resolving a motion to dismiss, even if it was not attached to the plaintiff's complaint, because it is central to the plaintiff's claim.)

570, 573 (7th Cir. 2017). In making its determination, the Court may look beyond the allegations of the complaint. *See Johnson v. Apna Ghar*, Inc., 330 F.3d 999, 1001 (7th Cir. 2003). When jurisdictional allegations are questioned, the plaintiff has the burden of proving that the jurisdictional requirements have been met. *See Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). The Court must dismiss the action if it determines, at any time, that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Conversely, a motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard is not the same as a probability requirement." *Id.* Rather, a plaintiff's complaint must contain enough "[f]actual allegations . . . to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, a plaintiff must nudge their claims across the line from conceivable to plausible. *Id.*

## ARGUMENT

### I. PLAINTIFF'S CLAIMS ARE TIME-BARRED.

The FTCA requires the exhaustion of administrative remedies prior to suing the federal government in tort. *See* 28 U.S.C. § 2675(a); *see also Frey v. EPA*, 270 F.3d 1129, 1135 (7th Cir. 2001); *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing… of notice of final denial of the claim by the agency to which it was

presented. 28 U.S.C.S. § 2401(b). These exhaustion requirements have been strictly applied, even when the claimant proceeds without counsel. *See McNeil v. United States*, 508 U.S. 106, 111-13 (1993); *Hootsell v. Dep't of Veteran Affairs*, No. 13-C-1221, 2014 U.S. Dist. LEXIS 196378, (E.D. Wis. 2014).

Accrual of the statute of limitations does not wait for a claimant to be aware that an injury was negligently inflicted. *See United States v. Kubrick*, 444 U.S. 111, 123 (1979). Instead, it begins once a claimant discovers an injury and who may have inflicted it. *See id; See also Goodhand v. United States*, 40 F.3d 209, 212 (7th Cir. 1994). The accrual is irrespective of continuous treatment and instead focuses on when the claimant knew or should have known of the injury. *See Goodhand*, 40 F.3d at 212 ("The statute of limitations begins to run upon the discovery of the injury, even if the full extent of the injury is not discovered until much later. . . This is a general principle of limitations law, not an idiosyncratic feature of the statute of limitations in the Federal Tort Claims Act.)

Plaintiff's claims are barred by the statute of limitations because he failed to present them in writing to an appropriate federal agency within two years after the claims accrued as required by 28 USCS § 2401(b). Plaintiff alleges that federal employees failed to meet mandatory, ministerial, and nondiscretionary duties governing his military discharge processing, personnel records management, and pay-status which resulted in contradictory governmental determinations, including his wrongful confinement in February 1992. ECF 1 at ¶ 2. Moreover, Plaintiff notes that he "repeatedly sought administrative relief concerning his military status and discharge through available Navy channels" since that time. *Id*. at ¶ 39. The fact that Plaintiff "focused his efforts upon Department of Veterans Affairs proceedings, which remained available

to address his military status and eligibility for veterans' benefits" illustrates that he was aware of these injuries well before ever pursuing any FTCA claims. *Id.*

Plaintiff has failed to timely exhaust his administrative remedies, which is a statutory precondition to filing a claim under the FTCA. Plaintiff signed the Standard form 95 in April 2025, over 34 years after the alleged negligence which "was the proximate cause of [his] wrongful confinement and the injuries and damages [he]… continues to suffer." ECF. No. 1 at ¶ 22. Plaintiff does not allege that he was unaware of these injuries, but instead that a lack of knowledge of a government cause. *Id.* at 38. However, Plaintiff errs in his understanding of the law. Accrual of the statute does not wait for him to learn of the full extent of his injuries, only for him to have knowledge of his injury and who likely inflicted it. *See United States v. Kubrick*, 444 U.S. 111, 123 (1979); *Goodhand v. United States*, 40 F.3d 209, 212 (7th Cir. 1994). Here, it is implausible for Plaintiff to suggest that he did not know or should not have known that the government was the cause of a claim for the negligent administering of government benefits. As a result, Defendant respectfully requests that the Court dismiss Plaintiff's claims pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

## II. THE COURT LACKS SUBJECT MATTER JURISDICTION

The Court lacks subject matter jurisdiction and should therefore dismiss Plaintiff's claims. The United States is sovereign and immune from being sued without its consent. *See Macklin v. United States,*300 F.3d 814, 820 (7th Cir. 2002). A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and is strictly construed, in terms of its scope, in favor of the sovereign. *Lane v. Pena,*518 U.S. 187, 192, 116 S. Ct. 2092, 135 L. Ed. 2d 486 (1996). While Congress waived the Government's

sovereign immunity in enacting the FTCA, they also expressly provided for exceptions to that waiver. 28 U.S.C. § 2680. Among those is the intentional tort exception: "[t]he provisions of this chapter . . . and section 1346(b) of this title . . . shall not apply to—[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights . . . ." 28 U.S.C. § 2680(h).

Likewise, claims arising out of negligent representation are barred by § 2680(h). *See United States v. Neustadt,* 366 U.S. 696, 81 S. Ct. 1294, 6 L. Ed. 2d 614 (1961) (explaining that when the loss suffered by the injured party is caused by the breach of a "specific duty" owed by the Government to him, *i.e.,* the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs, is only to state the traditional and commonly understood legal definition of the tort of "negligent misrepresentation," . . . and which there is every reason to believe Congress had in mind when it placed the word "misrepresentation" before the word "deceit" in § 2680(h)). Here in the Seventh Circuit, that principle has been reaffirmed. Under Seventh Circuit law the mishandling of records is equivalent to misrepresentation or deceit, and any loss caused by even a negligent breach of a certain duty is equivalent to misrepresentation, so individuals are barred by sovereign immunity from bringing those claims against the United States. *See In Deloria v. Veterans Administration,* 927 F.2d 1009, 1010 (7th Cir. 1991); *Omegbu v. United States*, No. 10-C-765, 2011 U.S. Dist. LEXIS 77928 (E.D. Wis. July 18, 2011). Therefore, whether an agency misrepresented information intentionally or negligently, it falls under the intentional tort exception of § 2680(h). *See Omegbu*, 2011 U.S. Dist. LEXIS at 9.

Here, Plaintiff alleges the mishandling of information, which is tantamount to misrepresentation or deceit and therefore barred by 28 U.S.C. § 2680(h). Specifically, Plaintiff

claims that Government officials failed to carry out duties governing military discharge processing, personnel records management, and pay-status reconciliation, which resulted in contradictory governmental determinations concerning his military status. ECF. No 1 at ¶ 1-2. However, the law is clear that the type of mishandling that Plaintiff alleges is barred by 28 U.S.C. § 2680(h). Further, claims to review and challenge veteran's benefits are not cognizable under the FTCA at all because it would circumvent the statutory scheme governing the review of claims for these benefits. *See Marrero v. United States*, 120 F. App'x 644, 645 (7th Cir. 2005). Based on the foregoing, Defendant respectfully requests that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

## CONCLUSION

Defendant respectfully requests that the Court grants its motion to dismiss as the Court not only lacks subject matter jurisdiction, but Plaintiff's claims are time-barred.

Respectfully submitted at Milwaukee, Wisconsin, this 28th day of September 2026.

By: /s/ *Qortney McLeod*

QORTNEY MCLEOD
Assistant United States Attorneys
Eastern District of Wisconsin
Wisconsin State Bar Number: 1105235
517 East Wisconsin Avenue, Room 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1701
Email: Qortney.mcleod@usdoj.gov